## Park Paving Co., Appellant, *v.* Kraft et al.

*Principal and surety—Execution of bond by surety after principal's default—Concealment—Fraud—Discharge of surety.*

1. Where a principal is in default, and the surety executes the bond in ignorance thereof, he will not be bound where knowledge of such default was withheld from him by the obligee; but where the obligee is also ignorant of the default, or where the surety has knowledge of it, the bond is good. Such concealment of a material fact from the surety by the obligee is a fraud upon the surety which vitiates the contract.

2. Where a contractor's bond indicated on its face that it was given to insure the faithful performance of work thereafter to be done, and not a guaranty of the payment of an existing indebtedness or fixed liability, and, at the time of the execution of the bond by the surety, the contractor was in default, of which the obligee had notice, although the surety was ignorant thereof, good faith

required that the real facts should be made known to the surety, and, as this was not done, the bond was void as to the surety.

Argued May 8, 1918.    Appeal, No. 29, Jan. T., 1918, by plaintiff, from judgment of C. P. Erie Co., Sept. T., 1908, No. 38, for defendant, in case tried by a judge without a jury, in case of The Park Paving Co. v. George H. Kraft and Curtis Johnson, now by substitution James D. Johnson and Elizabeth Johnson Duddenhoeffer, Executors of Curtis Johnson, deceased.    Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.    Affirmed.

Assumpsit on two bonds given to secure the performance of street paving contracts.    Before WHITTELSEY, J.
The opinion of the Supreme Court states the fact.
The court found in favor of the executors of Curtis Johnson, the surety on the bonds, and entered judgment on its findings.    Plaintiff appealed.

*Errors assigned* were in dismissing exceptions to findings of fact and law and the judgment of the court.

*Wm. A. McConnell* and *Charles F. Haughney,* for appellant.

*Charles P. Hewes,* for appellees.

OPINION BY MR. JUSTICE WALLING, July 17, 1918:
This is an action of assumpsit on two bonds given to secure the performance of street paving contracts.    It was heard by the court, jury trial having been waived. On August 12, 1903, plaintiff, a contracting corporation located at Rochester, Pa., entered into a written contract with the City of Corry, Erie County, for the construction of a brick pavement in Center street.    The work was to be commenced on ten days' notice from the city engineer and completed within ninety days thereafter. Later, on September 11, 1902, plaintiff entered into a

written contract with the Borough of Union City in said county for the construction of a brick pavement in High street; the same to be commenced on five days' notice from the borough and completed within forty-five working days thereafter.  Before the work was started, plaintiff sublet the contracts to defendant, George H. Kraft, a contractor residing at Erie, who began work on both streets the same fall, but failed to complete either within the required time.  In fact, he abandoned the Corry contract unfinished in January, 1903, and it was completed later by plaintiff at a substantial loss, including penalty for delay.  Kraft finished the work at Union City, May 4, 1903, after incurring penalty for delay and leaving a large amount of unpaid bills, for labor, etc., in violation of his contract and to the damage of plaintiff.  The trial court found that Kraft's breach of the Corry contract had caused plaintiff damage to the amount of $2,820, and his breach of the Union City contract damage to the amount of $2,475.  The contracts stipulated that Kraft was to furnish plaintiff a bond in $3,000 for the faithful performance of the work at Corry and in $1,000 for that at Union City.  However, he was permitted to proceed with the work without bonds until after he had defaulted and become liable for the damages above stated; then the question of the bonds came up and Kraft sought a surety.  Curtis Johnson, whose executors are joined as defendants, was then in California and seems to have left his affairs at Erie in charge of his son, James D. Johnson, who, on May 23, 1903, at the request of Kraft, signed his father's name as surety on the bonds; his authority for so doing is conceded.  The bonds were in the usual form and in terms referred to the future.  James D. Johnson had no knowledge that any work had been done under the contracts or that any default had occurred or liability resulted.  He understood the bonds to be security for future work and was not informed to the contrary by either Kraft or the plaintiff, although they both had full knowledge of the default and damages as above

stated.  Curtis Johnson knew nothing of the transaction until suit was brought against him five years later.

This appeal by plaintiff is from the decision of the court below in favor of the surety.  While there is some lack of uniformity in the cases cited from different jurisdictions, we believe the conclusion of the trial court accords with the weight of authority and with our own decisions.  The true rule seems to be that where the principal is in default and the surety execute the bond in ignorance thereof he will not be bound where knowledge of such default is withheld from him by the obligee, but where the obligee is also ignorant of the default, or where the surety has knowledge of it, the bond is good.  See 32 Cyc., pp. 62 to 66 inclusive; Dinsmore, Trustee, Etc., v. Tidball et al., 34 Ohio 411; Sooy ads. The State of N. J., 39 N. J. L. 135; Franklin Bank v. Cooper, 39 Me. 542.  Where the principal was a defaulter and indebted to the plaintiff and that fact was withheld from the sureties when the bond was given, such concealment was a fraud upon the sureties and avoided the bond as to them: Lauer Brewing Co. v. Riley, 195 Pa. 449; see also Wayne v. Commercial National Bank, 52 Pa. 343, 350.  "That concealment of a material fact will vitiate a contract of suretyship, is unquestionably the law of this State.  When a contract of suretyship is entered into, the surety is entitled to know all the material facts concerning it, and if the person for whose benefit the suretyship is contracted conceals any material fact of importance in the determination of the surety to undertake the contract, such concealment is a fraud upon the surety and will vitiate the contract": Bolz et al. v. Stuhl et al., 4 Pa. Superior Ct. 52, 58.

James D. Johnson did not reside at or near where the work was done and the evidence shows had no knowledge of the contracts or that anything had been done under them.  The bonds on their face indicated that they were to insure faithful performance of work thereafter to be done and not a guarantee of the payment of an

existing indebtedness or fixed liability. Under such circumstances good faith required that the real facts be made known to the surety and they were not.

The other defenses suggested were not passed upon by the trial court nor do we deem it necessary to consider them. We have examined the numerous assignments, but find no reversible error in the record.

The judgment is affirmed.